IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STEVEN BRISTOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:15-CV-316 |
| | ) | |
| DR. ROSE DULANEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Steven Bristow ("Bristow"), a prisoner proceeding pro se, filed a complaint against Dr. Rose Dulaney ("Dr. Dulaney"), a physician at Wallen's Ridge State Prison, pursuant to 42 U.S.C. § 1983, alleging that Dr. Dulaney was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Dr. Dulaney filed a motion to dismiss, which I **DENY**.

## ALLEGATIONS

Bristow alleges in his Complaint (Dkt. No. 1) and Verified Statement (Dkt. No. 3) that on February 13, 2014, he filed a request for medical services complaining that he had blood clots in his stool, experienced rectal swelling, had both weight and blood loss, and requested medical staff to perform a blood test. Nurse Roberts responded that day, informing Bristow that he had been placed on sick call. Sometime thereafter, Bristow saw Dr. Dulaney who ordered a blood test, the results of which were given to Bristow upon his request. In May 2014, Dr. Dulaney performed a rectal exam and determined that Bristow required surgery to treat his hemorrhoids.

Surgery was originally scheduled with Dr. Thongdang Banchuin, but Bristow received a letter on August 4, 2014 advising that Dr. Banchuin was retiring from Wellmont Medical

1

Associates and that the office staff would reschedule any appointments with another qualified physician. Bristow was again placed on sick call.

On August 26, 2014, Bristow underwent what he terms a "colonoscopy procedure."[1] While in medical for further evaluation after the procedure, Bristow told Dr. Dulaney that all three rubber bands from the surgery had come out. Bristow claims this rendered the surgery a failure by any standard, but he was still released from medical and put on sick call. On September 1, 2014, Bristow filed an Offender Request for Information complaining that he continued to experience swelling and bloody stools. Nurse Collin responded two days later and told Bristow that he had been placed on sick call.

On March 25, 2015, Bristow filed an informal complaint about his pain and general health. He again described his symptoms but added that he felt dizzy and light headed due to the amount of blood he lost each time he used the bathroom. The next day, medical responded and told him he had been placed on sick call and would be referred to a doctor, if needed. On March 30, 2015, Dr. Dulaney examined Bristow and ordered lab work to be done the next day.

In early April, Bristow filed a regular grievance, again complaining that his surgery was a failure and that he continued to have swelling, bleeding, and severe pain from his rectum. He claimed that it was uncomfortable to walk or sit and requested another corrective procedure. In a Level I Offender Grievance Response, the Health Services Director ("the Director") determined Bristow's grievance to be unfounded. The Director noted that Bristow was scheduled for an exam and that Dr. Dulaney would determine a plan of care based on her exam and results of the lab tests. The results of blood work taken on April 18 showed that Bristow's blood level had

---

[1] While it is unclear what type of procedure Bristow underwent, his mention of rubber bands indicates that a rubber band ligation procedure was performed. This common procedure, also called hemorrhoid banding, allows a physician to place a rubber band around the base of the hemorrhoid, restricting blood flow and causing the hemorrhoid to wilt and fall off within a week or two. The procedure generally takes less than ten minutes and, if successful, patients experience very minimal, if any, discomfort.

dropped from 13 to 7, but Bristow does not explain the significance of these values. Bristow was taken to the hospital for a blood transfusion, and on April 25, 2015, underwent corrective surgery.[2]

After the surgery, Bristow appealed the Director's Level I response claiming that "the lengthy time frame" from when he informed Dr. Dulaney of his failed surgery to when he had corrective surgery was "frightening." He expressed fear that if the second procedure did not work, he might become anemic or die. He also sought transfer to Sussex-I State Prison and stated that he was still in pain, had no energy, and feared for his health. In a Level II Offender Grievance Response, the Director again determined his grievance to be unfounded. The Director stated that Bristow's condition was "being treated and monitored appropriately at this institution." According to the Director, all administrative remedies were exhausted at this point. Bristow asserts that the failure to arrange for corrective surgery sooner constituted deliberate indifference to a serious medical need.

## **STANDARD OF REVIEW**

**1. Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of a complaint," and to survive such a motion, the complaint must give the defendant "fair notice of what the…claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted). I must accept Bristow's nonconclusory factual allegations as true at the motion to dismiss stage. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007); Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (when ruling on 12(b)(6)

---

[2] While it is not clear what the corrective surgery entailed, it is implied that it was another rubber band ligation procedure.

3

motion, the court assumes "all well-pleaded, nonconclusory factual allegations in the complaint to be true").

Plaintiff must allege facts which "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. A plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions…" Id. at 555 (internal alterations and quotations omitted). Thus, neither "a formulaic recitation of the elements of a cause of action, id., nor "naked assertions devoid of further factual enhancements" will suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal alterations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The factual allegations must "permit the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (quoting Iqbal, 556 U.S. at 678), aff'd sub nom, Coleman v. Ct. of Appeals of Md., 132 S. Ct. 1327 (2012).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9, 101 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege sufficient facts supporting a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## 2. Deliberate Indifference

To succeed on his Eighth Amendment claim for the delay of medical care, Bristow must sufficiently plead that Dr. Dulaney was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S.97, 105 (1976); Gary v. Wang, 7:14 CV 00103, 2014 WL 1276906, at *1 (W.D. Va. March 20, 2015). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need that is sufficiently serious to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, such as loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. Sosebee v. Murphy, 797 F.2d 179, 181–83 (4th Cir. 1986). While there is no clear definition of what constitutes a serious medical need, "the Eighth Amendment embraces the treatment of medical conditions which may cause future health problems" as indicative of a serious medical need. Harden v. Green, 27 Fed. App'x 173, 177 (4th Cir. 2001) (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)).

The subjective component is met if a prison official is "deliberately indifferent" to that serious medical need. Deliberate indifference is a very high standard. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). It requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk. Farmer, 511 U.S. at 838; Estelle, 429 U.S. at 104. "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). "A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position." Miltier, 896 F.2d at 851–52. A health care provider may be

5

Case 7:15-cv-00316-RSB   Document 36   Filed 09/21/16   Page 5 of 8   Pageid#: 97

deliberately indifferent when the treatment provided is so grossly incompetent, inadequate, or excessive as to shock the conscience or when it is intolerable to fundamental fairness. Id.

A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Carter v. Fluvanna Correctional Center for Women, 7:03 CV 00286, 2003 WL 23312789, at *2 (W.D. Va. April 28, 2003) ("[A] disagreement between patient and medical staff…over the required course of medical treatment states at most a claim that the defendants have negligently misdiagnosed the problem or have negligently decided on an insufficient treatment for it."). Additionally, inadequate medical treatment caused by accident or inadvertence is not "an unnecessary and wanton infliction of pain" and thus "does not state a valid claim of medical treatment under the Eighth Amendment." Estelle, 429 U.S. at 105–06.

A significant delay in the treatment of a serious medical condition may, in the proper circumstances, indicate an Eighth Amendment violation. See Id., at 104–05 (holding that deliberate indifference may be demonstrated by intentionally denying or delaying access to medical care). However, an Eighth Amendment violation only occurs if the delay "results in some substantial harm to the patient." Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008) (unpublished) (cited more than 150 times by courts in the Fourth Circuit).

## **ANALYSIS**

Bristow asserts a single § 1983 claim, that he alleges arose through three separate time periods: (1) February 13, 2014 through May 2014 – the time which expired before Dr. Dulaney performed a rectal examination; (2) May 2014 until August 2014 – the delay in scheduling

6

Case 7:15-cv-00316-RSB   Document 36   Filed 09/21/16   Page 6 of 8   Pageid#: 98

Bristow promptly for surgery; and (3) the eight month delay after the initial procedure before Dr. Dulaney scheduled the corrective surgery.

**1. Serious Medical Need**

Bristow sufficiently alleged the objective component that his hemorrhoids constituted a serious medical need. He stated that he had blood clots in his stool, lost weight as a result of a decreased appetite, felt dizzy to the point where he thought he might pass out, felt nauseous and fatigued, and experienced swelling and severe throbbing pain in his rectum. Additionally, Bristow's condition required medical treatment, including two surgical procedures and a blood transfusion. See Malik v. Ozmint, 2008 WL 701517, at *4 (D.S.C. Feb. 13, 2008) (holding that plaintiff's hemorrhoids and constipation constituted a serious medical need because they caused him substantial pain and discomfort and required medical treatment); but see Hopkins v. Brrja Medical Services, 2012 WL 6677670, at *2 (W.D. Va. Dec. 21, 2012) (finding that plaintiff had not established that his hemorrhoids were a serious medical need because he only alleged that he bled when defecating but did not note any discomfort or pain). Bristow has alleged sufficient facts regarding the objective component of his deliberate indifference claims.

**2. Deliberate Indifference**

Bristow sets out in his complaint that from February 2014 until his second surgery in April 2015 he consistently had pain, blood clots in his stool and rectal bleeding. His condition was severe enough that he made numerous complaints to medical staff. Certain delays may be inevitable in the prison setting in getting medical treatment for non-emergency conditions, and indeed, Bristow was placed on sick call to address his medical concerns. Here, however, Bristow alleges that had severe bleeding while he waited almost 90 days to have Dr. Dulaney examine him, that he was not placed in line for surgery promptly and despite knowing that the first

7

surgical procedure was unsuccessful, it took eight months before he had his second surgery. Bristow alleges that he suffered pain and humiliation during this time and that on one occasion he was taken to the hospital for a blood transfusion.

At the motion to dismiss stage, Bristow has alleged sufficient facts to establish a § 1983 claim. See Johnson v. Fields, 616 Fed. App'x 599, 601 (4th Cir. 2015) (citing White by White v. Chambliss, 112 F.3d 731, 737 (4th Cir. 1997) ("A claim of deliberate indifference…implies at a minimum that defendants were plainly placed on notice of a danger and chose to ignore the danger notwithstanding notice.")); see also Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009) ("[M]ere delay or interference can be sufficient to constitute a violation of the Eighth Amendment."). A more complete record, whether through a motion for summary judgment or at trial, may well yield a different result, and this opinion does not find that Dr. Dulaney violated Bristow's constitutional rights. For now, however, this claim will go forward.

## CONCLUSION

For the foregoing reasons, I deny Dr. Dulaney's motion to dismiss (Dkt. No. 26).

Entered: September 21, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge